James A. O'Boyle, Plaintiff, *v.* American Equitable
Assurance Company, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
First District, June, 1921.)

Insurance (marine) — interpretation of policy — when action may
be brought to recover cost of repairs before repairs are made —
marine surveyors.

A policy of marine insurance, the language of which is capable of more than one interpretation, will be construed against the insurer.

A clause in a policy of marine insurance issued by defendant insuring plaintiff against loss from certain perils to his barge, that " no claim for loss or damage shall go beyond the extent or cost of actual repairs rendered necessary in consequence of any disaster insured against," is only one of limitation of the amount for which the defendant shall be liable, and does not preclude the bringing of an action to recover defendant's share of the necessary cost of repairs in advance of their being made.

Where it is admitted that a loss within the scope of the perils insured against was subsequently sustained by the barge and competent surveyors appointed pursuant to the terms of the policy report the cost of the necessary repairs to the barge in a certain amount, plaintiff is entitled to judgment for defendant's share thereof, with interest from the date when the amount of loss was agreed upon by the surveyors.

Action to recover a sum of money.

Hunter, Mead & Cheyney (Horace L. Cheyney, of counsel), for plaintiff.

Barker, Donahue, Anderson & Wylie, for defendant.

Lauer, J.   This is an action brought to recover the sum of $981.20 for loss under what is known as the American Inland Association policy of marine insurance issued by the defendant insuring the plaintiff

Municipal Court of New York, June, 1921. [Vol. 116.

against loss from certain perils to his barge *Aroa*, which name was subsequently changed to *Nancy*. It is admitted that a loss within the scope of the perils insured against in the policy was subsequently sustained by this barge. After the loss a survey of the damage was held by representatives of the insurer and of the insured pursuant to the terms of the policy, which provided that: "Two competent surveyors shall be appointed, one chosen by the Assurers and one by the Assured, or their agents (and in case of disagreement between them they shall appoint an umpire) whose duty it shall be to make specifications in writing, clearly stating both the amount of work and the manner in which it shall be done to make said vessel good for any damage caused by the disaster; * * * from surveyor's specifications estimates shall be obtained from responsible boat builders or shipwrights, giving the cost of repairs called for by survey, and the Assurers may contract with the party making the lowest estimate to make said repairs, to the expenditure and amount whereof, the said Assurers will contribute according to the proportion the sum insured bears to the valuation aforesaid, and the surplus, if any, paid, or advanced by said Assurers, shall be a lien upon and shall be recoverable against the said vessel or any part thereof, or against the Assured at the option of the Assurers. It is further agreed, the aforesaid survey shall be considered binding both by the Assurers and the Assured; * * * No claim for loss or damage shall go beyond the extent or cost of actual repairs rendered necessary in consequence of any disaster insured against."

The surveyors reported as follows: "We the undersigned have this day held survey on the covered barge Nancy * * * and find the following necessary to

repair the damage:" (Then follows an enumeration of the necessary repairs).

" We estimate and agree on the cost of the above repairs in the sum of four thousand nine hundred and eighty-one dollars ($4,981.00)."

It is admitted that the defendant's share of the last mentioned sum under the terms of the policy is the amount which the plaintiff claims, $981.20.

It is the claim of the defendant that this action is not maintainable by the plaintiff because of the fact that the repairs have not been made. This claim is based upon the last part of the clause quoted from the policy to the effect that " No claim for loss or damage shall go beyond the extent or cost of actual repairs rendered necessary in consequence of any disaster insured against."

It is a well established principle of the law of construction of insurance policies that the language of a policy shall be construed against the insurer where the language is capable of more than one interpretation.

It is the ordinary and usual conception of a policy of insurance that it is a contract to indemnify the assured against loss. The language of the policy in this case is: " It is the Intent of these Assurers by this policy to *fully indemnify* the assured."

To uphold the defendant's contention in regard to the construction to be placed upon the policy of insurance would be to hold that the policy was not an agreement to indemnify against loss but only such loss as the plaintiff might repair. The plaintiff in a letter to the defendant stated: " On account of financial reasons I am in no condition to make these repairs unless and until I receive the money from the underwriters covering this loss."

It seems to me that one of the purposes of insur-

ance is to provide the assured with the necessary means to make the repairs. I do not read or interpret the clause on which the defendant relies, which constitutes the making of the repairs a condition precedent to the recovery for the loss. Certain it is that the loss was sustained by the plaintiff, whether or not the damage has been repaired. I agree with the interpretation of the clause advanced by the plaintiff that the clause relied on is one only of limitation of the amount for which the defendant shall be liable. The purpose of the clause appears to be to confine the defendant's liability to losses for physical injuries to the boat and to exclude any claim for consequential damage such as for loss of service of the boat during the time necessarily occupied in the repair of the boat. The wording of the clause makes this interpretation it seems to me quite clear. " No claim for loss or damage *shall go beyond* the extent or cost of actual repairs." To give effect to the construction urged by the defendant would necessarily eliminate from the clause the words " the extent " and would give effect only to the word " cost " whereas the clause provides in the alternative, " the extent or cost of actual repairs."

The clause under consideration permits the insurer at its option to make the repairs and there is no clause which imposes the obligation to make the repairs upon the assured. The use of the words "cost of " actual repairs would seem to apply to a case where the insurer exercised its right to have the repairs made. In that event it would be liable only for the cost of the repairs. The use of the word " extent " of actual repairs would seem to apply where the insurer does not exercise the right to have the repairs made and refers to the alternative of paying the assured for the loss.

It follows from the opinion expressed that the plaintiff must prevail. The amount of recovery not being in dispute, judgment should be for the plaintiff in the sum of $981.20 with interest from Dec. 28, 1920, the date when the amount of the loss was agreed to by the representatives of the assured and the insurer who were appointed to survey the loss under the terms of the policy.

Judgment accordingly.